A District Court jury convicted the defendant of assault and battery on a family member in violation of G. L. c. 265, § 13M(a ). On appeal, the defendant claims that the judge erred in (1) denying his motion for a required finding of not guilty, and (2) improperly admitting prejudicial hearsay evidence. We affirm.
Background. We summarize the facts the jury could have found, viewing the evidence in the light most favorable to the Commonwealth. See Commonwealth v. Latimore, 378 Mass. 671, 676-677 (1979). Around 6 p.m. on March 31, 2016, Estuardow Telles, an employee at the Marlborough Holiday Inn, observed two people in a white "SUV" moving toward the exit of the Holiday Inn parking lot. He recognized the person in the passenger seat as his coworker, Lynette Mesadieu. He did not recognize the male driver. Telles observed the driver strike Lynette's head twice with his closed fist. Lynette attempted, but was unable to get out of the SUV. Telles communicated what he had seen to the hotel's general manager, who called the police.
A Marlborough police officer responded to dispatch's report of a "disturbance or an assault at the Holiday Inn." Upon arrival, the officer was met by hotel staff; based on his conversations with them, he identified the defendant as a suspect. The officer contacted the Worcester police, who arrested the defendant and administered Miranda warnings. The officer then transported the defendant from Worcester to the Marlborough police station, where the defendant was told of the potential charges against him and again advised of his Miranda rights. The defendant was lucid and cooperative. When questioned, the defendant stated that he had driven to the Holiday Inn to pick up his wife, Lynette Mesadieu. He further stated that prior to picking up his wife, he was the only one in his vehicle.
Discussion. 1. Sufficiency of the evidence. When a defendant moves for a required finding of not guilty at the close of the Commonwealth's case, we consider the evidence introduced to that point to determine "whether the Commonwealth presented sufficient evidence of the defendant's guilt to submit the case to the jury." Commonwealth v. Dustin, 476 Mass. 1003, 1003 (2016) (quotation omitted). The evidence is sufficient if, "viewing the evidence in a light most favorable to the Commonwealth, 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt' (emphasis original)." Commonwealth v. Cohen (No. 1), 456 Mass. 94, 120 (2010), quoting from Latimore, supra at 677.
The essential elements of a violation of G. L. c. 265, § 13M are (1) an assault or assault and battery (2) on a family or household member.[2] See Dustin, supra at 1004. The defendant does not dispute that his wife was assaulted. He argues that the evidence was not sufficient to prove that he committed the assault. We disagree. From the defendant's postarrest admission that he had picked up his wife at the Holiday Inn and that he had been alone with her in the vehicle, the jury could have reasonably inferred that he was the person who Telles observed committing the assault in the SUV. In these circumstances, the defendant's identity as the assailant was not "left to a jury's conjecture, surmise, or guesswork." Commonwealth v. Rivera, 460 Mass. 139, 141 (2011).
2. Admission of the officer's testimony. The defendant claims that the judge erred in admitting the responding officer's statement that he went to the Holiday Inn because dispatch reported a "disturbance or assault." According to the defendant, the statement was inadmissible hearsay. We disagree. Because the testimony was not offered to prove the truth of the matter asserted, but only to explain why the officer responded to the Holiday Inn, it was not hearsay. See Mass. G. Evid. § 801(c)(2) (2017). "Because such explanatory statements do not repeat the substance of out-of-court conversations, they pose no hearsay (and, by extension, no confrontation) issues." Commonwealth v. Tanner, 66 Mass. App. Ct. 432, 439 (2006).
Judgment affirmed.

" '[F]amily or household member' shall mean persons who (i) are or were married to one another." G. L. c. 265, § 13M(c ), as appearing in St. 2014, c. 260, § 23.